**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CENTER FOR COMMUNITY ACCESS,
MICHIGAN PARALYZED VETERANS OF
AMERICA,

    Plaintiffs,

v.                                                    Case No. 05-CV-73475

CITY OF DETROIT,

    Defendant.
                                      /

**ORDER DENYING "PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING
ORDER" AND SCHEDULING STATUS CONFERENCE**

      The court has reviewed the above-captioned motion, and it is not persuaded that Plaintiffs have met the high standard for obtaining a temporary restraining order ("TRO"). The purpose of an injunction is not to remedy past wrongs, but rather to prevent the occurrence of threatened future wrongs. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (citing *Swift & Co. v. United States*, 276 U.S. 311, 326 (1928)). When a past wrong has already occurred, a court must determine that some "cognizable danger of recurrent violation" exists. *Id.* Moreover, the issuance of an injunction may be justified when "no right has yet been violated," *Swift & Co.*, 276 U.S. at 326, if "the moving party . . . satisf[ies] the court that relief is needed." *W.T. Grant Co.*, 345 U.S. at 633.

      When evaluating a petition for a TRO, a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d

750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)).

Rule 65 states in relevant part that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). When evaluating whether to grant a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted). These factors are "interrelated considerations that must be balanced together," not independent prerequisites. *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]." *Id.* (citing *Griepentrog*, 945 F.2d at 153).

Plaintiffs' motion does not address the standard articulated above. Instead, it presents procedural background of this previously settled case and a description of facts that might support Plaintiffs' ultimate plea for relief, claiming in essence that the terms of settlement have been inadequately met. Nothing is presented that persuades

the court that an emergency exists that could rationally be ordered remedied on a temporary basis.[1]

In the absence of reasoned argument tying together the relevant legal authority with a factual basis to support the temporary, emergency relief requested, the court concludes that the relevant standard is not met. The court will instead schedule a status conference, where counsel will discuss, at least preliminarily, the issues raised in Plaintiffs' motion. Accordingly,

IT IS ORDERED that "Plaintiffs' Motion for Temporary Restraining Order" [Dkt. # 30] is DENIED.

IT IS FURTHER ORDERED that all counsel shall appear at a status conference in the chambers of Judge Gerald Rosen on **August 19, 2008 at 3:00 p.m.**

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE
Acting in the absence of Judge Gerald Rosen

Dated: August 13, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 13, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1] Merely presenting allegations in dire terms such as those chosen by counsel here does not add to the actual substance of the case in support of a temporary restraining order.